433 F.2d 11
 Evelyn FRIST, Appellant,
v.
LEATHERWOOD, WALKER, TODD AND MANN, a Law firm, and D. B.
Leatherwood, Wesley M. Walker, J. D. Todd, Jr.,
and Fletcher C. Mann, individually and
as partners, Appellees.
 No. 14168.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 16, 1970.
Decided Nov. 6, 1970.
 
 Evelyn Frist, pro se.
 J. D. Todd, Jr., Greenville, S.C. (Thomas W. Whiteside, Spartanburg, S.C., and Fletcher C. Mann, Greenville, S.C., on the brief), for appellees.
 Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, Evelyn Frist, appeals from the district court's order granting a motion for a directed verdict for the defendants, a law firm and its individual partners, at the close of the plaintiff's evidence in an action for damages allegedly flowing from defendants' professional negligence and malpractice. Finding no merit in the claims of error asserted by plaintiff on appeal, we affirm.
 
 
 2
 The plaintiff alleged that the defendants negligently failed to perfect her appeal to the Supreme Court of South Carolina from a state court order granting her a divorce, but denying an award of alimony. The district court relied on four grounds for granting the defendants' motion. Since any of the four, if properly supported by the record, would alone be sufficient, we consider only the first, i.e., that the plaintiff's evidence was legally insufficient to establish liability.
 
 
 3
 In this case the plaintiff's evidence totally fails to establish negligence; to the contrary, it appears to establish due diligence on the part of the defendants. The plaintiff's attorneys timely filed a notice of intent to appeal and did everything necessary to perfect an appeal, up to the point of sending the record to the printer. They advised the plaintiff of the costs of printing the record and told her that it would be necessary for her to advance such funds for printing before the appeal could further proceed. During the time between the state court decision and the expiration of the period within which to appeal, despite repeated and successively more urgent notifications and requests, plaintiff failed to make such advancements although her own evidence shows that she had sufficient funds available to her during this time. As a consequence, the time for perfecting the appeal expired.
 
 
 4
 Viewed in the light most favorable to the plaintiff the evidence discloses no negligence on the part of the defendants; the district court, therefore, properly directed a verdict and entered judgment in their favor and against the plaintiff. Carroll v. Seaboard Air Line Railroad Company, 371 F.2d 903, 904 (4 Cir. 1967).
 
 
 5
 Affirmed.